PEOPLE v. McNIEL.

*(Supreme Court, General Term, Third Department. December 28, 1889.)*

GAME LAWS—ACTION FOR PENALTY—WEIGHT OF EVIDENCE.

In an action for a penalty under the game laws, (Laws N. Y. 1879, c. 534; 1888, c. 501,) for having in possession a killed deer and the hide thereof, the corroborated testimony of plaintiff's witness showed that the deer had been killed and then skinned by him and defendant, and carried to defendant's house. Some of the corroborating evidence was contradicted by defendant's witness. A witness for defendant testified that defendant had meat for breakfast, but he (witness) could not say whether it was beef or venison, or that it tasted like venison. *Held,* that a verdict for defendant was contrary to the evidence.

Appeal from circuit court, Franklin county.

Argued before LEARNED, P. J., and LANDON and FISH, JJ.

*H. G. Kilburn,* Dist. Atty., *W. J. Mears,* and *John I. Gilbert,* for appellant. *J. W. Webb,* for respondent.

LEARNED, P. J. This is an appeal from a judgment on a verdict rendered for the defendant, and from an order denying a new trial. The action was brought to recover a penalty under the game laws (Laws 1879, c. 534; 1888, c. 501,) by direction of a game protector, (Laws 1888, c. 577.) The offense charged in the complaint was that the defendant had in his possession, on the 15th of July, one wild deer, or venison, after the same had been killed, and the skin thereof. The principal question here is whether the verdict was not contrary to the evidence. It plainly was. The testimony of Gregory positively proves the offense showing that the deer had been killed, and was then skinned by him and defendant, and afterwards was carried to defendant's house. That is corroborated by the testimony of Pearl. The testimony of Hutchins, that defendant said he knew there was meat in the basket, but did not know or care whether it was pork, beef, or venison, is also a corroboration. Such affected ignorance was a mere subterfuge, and was, under the circumstances, evidence of defendant's guilt. The evidence of McNassar as to defendant's admission is a further corroboration. This, it is true, is contradicted by defendant's uncle, Albert McNiel. On the part of the defendant, the testimony of Albert McNiel amounts to nothing on the point in issue; and his statement that he had meat for breakfast the next morning, but could not tell whether it was beef or venison, and could not say that it tasted like venison, gives a coloring to the whole of his evidence. The jury could not have rendered such a verdict unless they were influenced by a prejudice against the laws intended to protect game. It was a verdict not only unsupported by, but contrary to, the evidence, and it must not stand. If jurors are so regardless of the oath requiring them to render a verdict according to the evidence, the court must interfere and redress such a contempt for their solemn obligations. Jurors must know that they are not permitted to set at defiance the statutes of the state because they disapprove of them, or to render a verdict against evidence out of sympathy for one who has intentionally violated the law.

A question is raised by the defendant, viz., that a former action had been brought against him to recover this penalty, which action had been compromised and settled. That question is not before us. The learned justice, on

plaintiff's motion, struck all that evidence out of the case, and the defendant has succeeded without that evidence. He is not appellant, and cannot review that decision on this appeal. If the justice had not stricken it out, we cannot tell what further evidence the plaintiff would have given to show that the compromise was collusive. If we were on this appeal to reverse that decision, we should deprive the plaintiff of that opportunity. That judgment was not before the jury. They had no right to act upon it. We can review their action solely on the evidence before them. There was certainly reason to think that the compromise was collusive, and perhaps, even, that the suit was brought without authority; but we do not pass on this.

The verdict is set aside·as against evidence; but the usual rule in such case must be followed, and it will be set aside on payment to defendant of the costs of the trial.

Judgment and order reversed, and new trial granted, on payment by plaintiff to defendant of costs of the trial.